**Richard Truman SUTTON,**
**Plaintiff-Appellant,**

v.

**Nancy A. BERRYHILL, Acting Commissioner of Social Security, Defendant-Appellee.**

No. 15-35722

United States Court of Appeals,
Ninth Circuit.

Submitted February 9, 2017 *

Filed February 13, 2017

Amy Gilbrough, Attorney, Dougals, Drachler & McKee, Seattle, WA, for Plaintiff-Appellant

Ryan Ta Lu, Esquire, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel, Seattle, WA, Helen J. Brunner, Esquire, Assistant U.S. Attorney, Kerry Keefe, Esquire,

DOJ-Office of the U.S. Attorney, Seattle, WA, for Defendant-Appellee

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Richard Sutton appeals the district court's order affirming the Commissioner of Social Security's decision that he had been overpaid disability insurance benefits ("DIB") and was not entitled to a waiver of overpayment. Sutton concedes that his DIB was properly offset by a state workers' compensation benefit for the period from January through April 2011 but challenges an offset for the period from January through November 2010. We have jurisdiction under 28 U.S.C. § 1291. The Commissioner "bears the burden of proving the fact and amount of overpayment." *McCarthy v. Apfel*, 221 F.3d 1119, 1124 (9th Cir. 2000). We review the Commissioner's determination for substantial evidence. *Id.* at 1125. We reverse and remand.

Sutton's lump-sum Washington state permanent partial disability award was not a periodic benefit subject to offset. *See* 42 U.S.C. § 424a(a) (an individual's DIB must be offset by any "periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State" if the total of the two benefits exceeds a certain amount); *see also id.* § 424a(b) (a lump-sum benefit is excluded from this requirement "except to the extent that it is a commutation of, or a substitute for, period payments"). This court has held that where state law provided that a lump-sum award was intended to compensate for the economic loss of earning capacity, the award was a periodic

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

benefit subject to offset. *Hodge v. Shalala*, 27 F.3d 430, 432-33 (9th Cir 1994). Under Washington law, however, an award of workers' compensation benefits for permanent partial disability is not wage compensation intended to cover a claimant's lost earning capacity. *See Willoughby v. Dep't of Labor & Indus. of the State of Wash.*, 147 Wash.2d 725, 57 P.3d 611, 616-17 (2002); *McIndoe v. Dep't of Labor & Indus.*, 144 Wash.2d 252, 26 P.3d 903, 908 (2001). We therefore reverse the district court's judgment and remand with instructions to remand to the Commissioner for a recalculation and refund of any offset against Sutton's DIB.

**REVERSED and REMANDED.**